UNITED STATES COURT OF INTERNATIONAL TRADE
HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| SPECTOR & CO., Plaintiff, v. UNITED STATES, Defendant. | : | Court Nos. 22-00164 |

**ANSWER**

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff's, Spector & Co., (Spector) as follows:

**JURISDICTION**

1. Denies the first sentence. Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

2. Admits that CBP issued ruling letter NY N303772 (Apr. 30, 2019) to Plaintiff Spector. Further admits the quoted and paraphrased text of subheading 9802.00.50, Harmonized Tariff Schedule of the United States (HTSUS), to the extent supported by the statute, which speaks for itself and is the best evidence of its contents, otherwise denies. The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

3. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

4. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits.

5. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

6. Denies that Plaintiff Spector & Co. is the person who filed the protest that is the subject of this action. The remainder of this paragraph consists of legal argument and/or conclusions of law to which no response is required.

7. Admits.

8. Admits that Plaintiff filed this action on June 1, 2022, to contest the denial of the protest at issue, within 180 days of the mailing of the notice of denial of the subject protest. The portion of this allegation concerning the timeliness of the commencement of this action consists of legal argument and/or conclusions of law to which no response is required.

9. Admits.

10. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

11. Admits.

12. Admits that subheading 9802.00.50, HTSUS, is accurately quoted in this paragraph.

13. Admits.

14. Admits the allegations in this paragraph to the extent they are supported by ruling letter NY N303772, which speaks for itself and is the best evidence of its contents. Otherwise, denies.

15. Admits.

16. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

17. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

18. The allegation in this paragraph referencing Section 301 of the Trade Act of 1974 consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by Section 301, which speaks for itself and is the best evidence of its contents, but denies that heading 9903.88.03 is a "subheading" of the HTSUS. Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

19. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

20. Denies the allegation in this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.

21. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

22. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

23. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

24. Denies for lack of information or knowledge sufficient to form a belief as to whether the importation of the subject merchandise was a "re-importation." Admits the remaining allegations in this paragraph but denies that heading 9903.88.03 is a "subheading" of the HTSUS.

25. The allegation concerning the timeliness of the protest at issue in this action consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits. Denies that Plaintiff sought classification "pursuant to NY N303772." Admits the remaining allegations in this paragraph but denies that heading 9903.88.03 is a "subheading" of the HTSUS.

26. Admits.

27. Admits that Plaintiff filed the action on June 1, 2022, to contest the denial of the protest at issue, but denies any inference that Plaintiff Spector was the protest filer. The allegation concerning the timeliness of the commencement of this action consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits.

28. Defendant realleges and incorporates by reference its responses to the allegations in paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

29. Admits that subheading 9802.00.50, HTSUS, is accurately quoted in this paragraph.

30. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

31. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

32. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies the allegations in the first sentence and admits the remaining allegations to the extent supported by the cited authorities.

33. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the cited column of subheading 9802.00.50, HTSUS, which speaks for itself and is the best evidence of its contents. Otherwise, denies.

34. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

35. Defendant realleges and incorporates by reference its responses to the allegations in paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

36. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the cited statute and court case, which speak for themselves and are the best evidence of their contents. Otherwise, denies.

37. Admits.

38. Admits the allegation in this paragraph describing ruling letter NY N303772 to the extent supported by the ruling letter, which speaks for itself and is the best evidence of its contents. Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness.

39. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

40. Admits.

41. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

## PRAYER FOR RELIEF

This prayer for relief allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, denies that plaintiff is entitled to the relief requested.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing this action, sustaining the decision of the appropriate U.S. Customs and Border Protection officials and the assessment of duty thereunder, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
By: JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Monica P. Triana
MONICA P. TRIANA
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Room 346
New York, New York 10278
Tel. (212) 264-9240 or 9230

Date: August 21, 2026 *Attorneys for Defendant*